UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| THOMAS C. SISOIAN, | § § § § § § § § § § | |
| Plaintiff, | | |
| v. | | Case No. 1:14-cv-565-SS |
| INTERNATIONAL BUSINESS MACHINES CORPORATION, | | |
| Defendant. | | |

### DEFENDANT IBM'S LIST OF MOTIONS

As ordered by this Court in its June 23, 2014 order, Dkt. #65, Defendant IBM Corporation provides the following list of motions it has filed:

| DKT # | DATE | MOTION TITLE | MOTION STATUS |
|---|---|---|---|
| 11 | 6/12/13 | IBM's Motion to Dismiss or Alternatively Motion to Transfer | Denied without prejudice to refiling on Sept. 4, 2013 (Dkt. #37) |
| 22 | 8/13/13 | IBM's Motion to Seal Exhibit to Plaintiff's Response to IBM's Motion to Transfer and for Protective Order | Granted on August 19, 2013 (Dkt. #29) |
| 25 | 8/15/13 | IBM's Motion for Leave to File Excess Pages | Granted on August 19, 2013 (Dkt. #30) |
| 27 | 8/19/13 | IBM's Amended Motion to Seal Exhibit to Plaintiff's Response to IBM's Motion to Transfer and for Protective Order | Granted on August 19, 2013 (Dkt. #29) |
| 38 | 9/16/13 | IBM's Renewed Motion to Dismiss | Pending |
| 53 | 4/30/14 | IBM's Motion to Change Venue Based on Convenience | Moot in light of agreed motion to transfer. |
| 54 | 4/30/14 | IBM's Motion to Amend/Correct Motion to Change Venue Based on Convenience | Moot in light of agreed motion to transfer. |
| 60 | 6/13/14 | Agreed Motion to Change Venue to Transfer to Western District of Texas | Granted on June 17, 2014 (Dkt. #61) |

IBM's only pending motion that has not been ruled on is its motion to dismiss Sisoian's claims for failure to state a claim under Rule 12(b)(6).  Dkt. #38.  The motion was included in a single filing with IBM's motion to dismiss or transfer for improper venue under Rule 12(b)(3).  The venue motion is moot in light of the order transferring this case here, but IBM's 12(b)(6) motion remains pending.  The motion to dismiss asserts two alternative grounds for dismissing all of Sisoian's claims.

- First, the complaint establishes on its face that the claims are barred by the relevant statute of limitations.  Sisoian claims that IBM misappropriated the trade secret in 2001, but he did not file suit until 2013.

- Second, Sisoian does not have standing to bring these claims because they belonged to a Delaware corporation named Objectiva Innovations, Inc., which was dissolved in 2001 and failed to assert the claims in the 3-year window that a dissolved corporation has to assert claims.

Finally, Sisoian's trade-secret and Theft Liability Act claims fail because his complaint establishes that he does not have a trade secret.  This is because Texas law only provides protection if the alleged trade secret is actually *used* by its purported owner.  But the complaint affirmatively alleges that neither Sisoian nor Objectiva Innovations ever used, marketed, or sold the alleged trade secret.

Thus, IBM requests that the Court dismiss with prejudice all of Sisoian's claims.

Dated:  July 8, 2014                                      Respectfully submitted,

/s/ *Collin J. Cox*
R. Paul Yetter
State Bar No. 22154200
Collin J. Cox
State Bar No. 24031977
YETTER COLEMAN LLP
909 Fannin Street, Suite 3600
Houston, Texas 77010
(713) 632-8000
(713) 632-8002 (Fax)

Attorneys for Defendant
International Business Machines Corporation

### CERTIFICATE OF SERVICE

I certify that on this 8th day of July 2014, a true and correct copy of this motion was served by email, through the Court's e-filing service, to all counsel of record.

W. Mark Lanier
Eugene R. Egdorf
Alex J. Brown
THE LANIER LAW FIRM, P.C.
P.O. Box 691448
6810 FM 1960 West (77069)
Houston, TX 77269-1448
wml@lanierlawfirm.com
Eugene.egdorf@lanierlawfirm.com
Alex.Brown@lanierlawfirm.com

/s/ *Collin J. Cox*
Collin J. Cox